UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Shawn Canada, | Case No. 21-cv-2186 (JRT/HB) |
| Plaintiff, | |
| v. | |
| Alexander Davis, Stephen Monty, Chris Newlin, Twin Town Staff, Roger Carr, Olmsted Corrections Staff, Robyn Wood, Alex Bunger, Paul Flessner, Sarah Sommer, Commissioner Paul Schnell of the Minnesota Department of Corrections, and Doug Nelson, | **REPORT & RECOMMENDATION** |
| Defendants. | |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on Plaintiff Shawn Canada's pro se complaint.[1]

Canada recently paid the initial partial filing fee set by this Court, but he did not submit

---

[1] The present matter is the fourth of ten cases Canada has filed in the last three months. *Canada v. All Members of Damascus Way, et al.*, 21-cv-1904 (SRN/LIB) ["*Canada I*"], *Canada v. Williamson, et al.*, 21-cv-2085 (DSD/TNL) ["*Canada II*"], *Canada v. Olmsted Cnty., et al.*, 21-cv-2120 (NEB/DTS) ["*Canada III*"], *Canada v. Davis, et al.*, 21-cv-2186 (JRT/HB) ["*Canada IV*"], *Canada v. Stehr, et al.*, 21-cv-2188 (SRN/ECW) ["*Canada V*"], *Canada v. Antony, et al.*, 21-cv-2204 (PAM/JFD) ["*Canada VI*"] (dismissed with prejudice for failure to state a claim), *Canada v. MCF-Faribault*, 21-cv-2228 (NEB/TNL) ["*Canada VII*"], *Canada v. Kroening*, 21-cv-2273 (SRN/KMM) ["*Canada VIII*"]; *Canada v. Nelson, et al.*, 21-cv-2388 (PJS/DTS) ["*Canada IX*"]; *Canada v. Schnell, et al.*, 21-cv-2389 (WMW/HB) ["*Canada X*"]. Canada also filed two prior civil actions, and two habeas corpus actions in this District. *See Canada v. Harleen*, No. 17-cv-1471 (JNE/SER) (D. Minn. 2017) (dismissed for failure to prosecute); *Canada v. Haugen et al.*, No. 18-cv-3182 (PAM/KMM) (D. Minn. 2018) (dismissed for failure to prosecute);

1

an amended complaint. His complaint is now subject to review under the terms of 28 U.S.C. § 1915A. Section 1915A provides that any civil action brought by a prisoner against a governmental entity or employee must be screened as soon as practicable. 28 U.S.C. § 1915A(a). If a prisoner's complaint fails to state an actionable claim for relief, it must be summarily dismissed. 28 U.S.C. § 1915A(b). For reasons that follow, this Court recommends that Canada's complaint be dismissed for failure to state a claim.

## I.    Standard of Review

To state an actionable claim for relief, a plaintiff must allege a specific set of facts, which, if proven true, would entitle him to some appropriate relief against the named defendants under some cognizable legal theory. In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the well-pleaded factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level…." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Additionally, federal courts are not required to "assume facts that are not alleged, just

---

*Canada v. Miles*, 17-cv-1043 (JNE/SER) (D. Minn. 2017) (dismissed with prejudice); *Canada v. Snell*, 19-cv-764 (JRT/SER) (D. Minn. 2018) (dismissed without prejudice for failure to exhaust state remedies).

because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "The words 'short and plain' are themselves short and plain, and they mean what they say: A complaint must be concise, and it must be clear." *Gurman v. Metro Housing & Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011). In other words, the complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Adams v. Am. Family Mut. Ins. Co.*, 813 F.3d 1151, 1154 (8th Cir. 2016) (quotation omitted).

## II. Canada's Complaint

Canada's pro se complaint consists of three handwritten pages listing defendants. (Complaint [ECF No. 1].) On the first page he states, "pattern of racketeering activities, obstruction of justice, criminal complaint." (*Id.* at 1.) He also cites the Fifth Amendment of the United States Constitution. (*Id.*) The complaint contains no factual narrative. In an accompanying affidavit, Canada writes that the defendants are accused of violating his Fourth Amendment rights. (Affidavit [ECF No. 2 at 1].) He goes on to allege that, "Twin Town Staff members put [him] out of chemical treatment and Doug Nelson & Staff at D.F.O. Community of Corrections used force and restrained [him] and also separated him from his property and then threw it away." (*Id.* at 2.). Based on this interaction, Canada lists numerous legal theories concerning property rights, the obstruction of justice, and racketeering. (*Id.* at 2-3).

3

### III. Analysis

Canada has failed to state a sufficient claim under any of the cited legal theories, so this Court will recommend that his complaint be dismissed for failure to state a claim. Canada's claims fall into three major groups: civil rights claims premised on the Constitution, obstruction of justice claims, and racketeering claims. This Court will briefly address each type of claim in turn.

### A. Constitutional Violations

Canada alleges that his Fourth Amendment rights were violated by a seizure of his property, as well as restraint of his person. (Aff. at 2-3.) Although individuals can state a claim for this theory under 42 U.S.C. § 1983, Canada has not included sufficient factual details to substantiate a claim. To establish a violation of the Fourth Amendment in a Section 1983 action, the claimant must demonstrate that a seizure occurred *and* that the seizure was unreasonable. *McCoy v. Monticello*, 342 F.3d 842, 846 (8th Cir. 2003), citing *Hawkins v. City of Farmington*, 189 F.3d 695, 702 (8th Cir. 1999). A seizure, standing alone, is not sufficient for Section 1983 liability; the seizure must also be unreasonable. *Id.* (citing *Brower v. County of Inyo*, 489 U.S. 593, 599 (1989)). In his barebones complaint, Canada does not allege that the seizure of his person or property was unreasonable. He simply alleges that Doug Nelson and staff of the D.F.O. Community of Corrections used force and restrained him and separated him from his property without any factual elaboration about when, how, or why the alleged actions occurred. Without any elaboration, Canada's allegations that he or his property were unlawfully restrained are insufficient to state a valid claim under the Fourth Amendment.

This Court recommends that Canada's Fourth Amendment claim be dismissed as insufficiently pled.

As to his bare citation on the first page of the complaint to the Fifth Amendment, Canada has failed to state a claim because a bare legal allegation with no accompanying facts is insufficient.  *See e.g. Iqbal*, 556 U.S. at 678 (a court is not required to accept legal conclusions as sufficient to state a claim).  Canada was warned in this Court's earlier order setting a filing fee for his case that he needed to provide specific details about each individual defendant's involvement in his alleged claims if he hoped to succeed. (Order at 3-4, n.2 [ECF No. 7]); *see also White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017) ("To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement with the alleged violation.").  Canada's complaint does not contain sufficient information about any of the named defendants' personal actions to state a Fifth Amendment claim under § 1983.  This Court gave Canada an opportunity to remedy this issue by amending his complaint and Canada did not submit an amended complaint.  Thus, this Court will recommend that any claim under the Fifth Amendment be dismissed for failure to state a claim.

### B.  Obstruction of Justice

Canada cites two statutes concerning the obstruction of justice—18 U.S.C. §§ 1512, 1513.  Both statutes are criminal statutes.  Section 1512 prohibits tampering with a witness, victim or informant.  18 U.S.C. § 1512.  Section 1513 prohibits retaliating against a witness, victim or an informant.  18 U.S.C. § 1513.  On the face, these statutes both provide criminal penalties for the obstruction of justice, but there is no mention of a

5

private individual's ability to seek damages based on a violation of the sections. "[P]rivate rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). For laws enacted by Congress, "[t]he judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy." *Id.* In general, courts first look to the plain language of the statutory text to determine congressional intent. *See United States v. Gonzales*, 520 U.S. 1, 6 (1997) (stating that when statutory language is clear "there is no reason to resort to legislative history" to determine its meaning). Courts have held that there is no private right of action under the obstruction of justice statutes. *See Horde v. Elliot*, No. 17-cv-800 (WMW/TNL), 2018 WL 987683 *1, *9 (D. Minn. 2018), *report & recommendation adopted*, 2018 WL 985294 (D. Minn. 2018).

Canada's claims premised on an alleged obstruction of justice fail for two reasons. First, he has failed to identify a valid legal theory premised on Sections 1512 or 1513 because these statutes do not create a private right of action. Second, even if there were a private right of action under either section, Canada has not drawn an explicit link between individual defendants and these claims. Under Rule 8 of the Federal Rules of Civil Procedure a claim must be sufficiently pled to put the opposing party on notice of the nature of the claim. *See Adams*, 813 F.3d at 1154 (a pleading must provide the defendant with a fair notice of what the plaintiff's claim is and the grounds upon which it rests). Without any factual elaboration describing who committed these actions, Canada

6

has not pled a sufficient claim. Thus, this Court recommends that the claims under 18 U.S.C. §§ 1512 and 1513 be dismissed for failure to state a claim.

### C. RICO Claims

Canada states that he intends to bring a claim or claims premised on racketeering. Specifically, he cites 18 U.S.C. §§ 1961 and 1962, which are both provisions of what is commonly known as the Racketeer Influenced and Corrupt Organizations Act ("RICO"). 18 U.S.C. §§ 1961-1968. RICO gives civil remedies to "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]." 18 U.S.C. § 1964(c). RICO's civil-action provision—Section 1964(c)—was modeled on Section 4 of the Clayton Act, an antitrust statute. *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 457 (2006). The Supreme Court has considered the meaning of "business or property," as used in the Clayton Act. "In its dictionary definitions and in common usage "property" comprehends anything of material value owned or possessed." *Reiter v. Sonotone Corp.*, 442 U.S. 330, 338 (1979) (citing Webster's Third New International Dictionary 1818 (1961)). The use of the term property in "business or property" is broad enough to protect a consumer who loses money by reason of another's actions, but it is not so broad as to include personal injuries. *Id.* at 339. The sections that Canada cites—1961 and 1962—do not provide for a private cause of action, but even if Canada cited the section for a private cause of action under RICO (§ 1964), his claim would fail. Canada has not pled sufficient factual allegations to demonstrate that he has been harmed in business or personal property. Thus, this Court recommends that Canada's claims based on 18 U.S.C. §§ 1961 and 1962 be dismissed for failure to state a claim.

CASE 0:21-cv-02186-JRT-HB   Doc. 9   Filed 11/23/21   Page 8 of 9

### IV. Pending Motions

Canada has filed a Motion for an Evidentiary Hearing [ECF No. 5], and a Motion for a Civil Action [ECF No. 6]. Neither motion contains factual allegations that bolster the claims in Canada's initial pleadings. Thus, this Court recommends that the two pending motions be dismissed as moot considering the recommendation that this case be dismissed for failure to state a claim.

### V. Recommendation

Based on the foregoing analysis, and on all the filings herein, this Court **HEREBY RECOMMENDS THAT**:

1. Canada's Application to Proceed *In Forma Pauperis* [ECF No. 3] be **GRANTED** in light of his payment of the initial partial filing fee of $140.26;
2. Canada's complaint [ECF No. 1] be **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915A(b); and
3. Canada's Motion for an Evidentiary Hearing [ECF No. 5] and his Motion for a Civil Action [ECF No. 6] be **DENIED** as moot.

Dated: November 23, 2021                     */s/ Hildy Bowbeer*
                                             HILDY BOWBEER
                                             United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).